UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELITO PINEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-00503-CV-DGK |
| | ) | |
| P&B CAPITAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING ATTORNEYS' FEES AND COSTS IN PART

This case arises from Plaintiff Angelito Pineda's suit against Defendant P&B Capital Group alleging two violations of the Fair Debt Collection Practices Act ("FDCPA"). Pending before the Court is the Plaintiff's fully-briefed "Petition for Attorney's Fees and Costs" (Doc. 10) and Defendant's "Opposition" (Doc. 11). For the reasons discussed herein, the Plaintiff's Motion is GRANTED IN PART.

**Background**

On May 18, 2011, Plaintiff brought suit pursuant to the Fair Debt Collection Practices Act seeking statutory damages and all reasonable attorneys' fees and costs incurred for Defendant's violation of the FDCPA. On July 8, 2011, Defendant answered the complaint, denying all material allegations. On July 13th, Defendant prepared and served an "Offer of Judgment" for payment of $301.00 to satisfy the underlying claims and "costs and reasonable attorney fees as may be agreed by counsel for the parties, or, in the absence of such agreement, to be determined by the Court." On July 28, 2011, Plaintiff filed an acceptance of Defendant's "Offer of Judgment" (Doc. 9). Plaintiff, represented by four attorneys and one paralegal at Krohn & Moss, Ltd., now seeks an award of costs and attorneys' fees totaling $4,372.50 pursuant to 15 U.S.C. § 1692k(a). Plaintiff contends that costs and fees are as follows:

> Christopher Addy, 1.2 hours, $225 per hour
> Michael Agruss, 0.9 hours, $250 per hour
> Shireen Hormozdi, 3.4 hours, $250 per hour
> Adam Maxwell, 1.0 hours, $250 per hour
> James Pacitti, 5.3 hours, $350 per hour
> Paralegals, 4.1 hours, $125 per hour
> Costs, $410

**Standard**

The FDCPA provides for damages, including an award for costs and reasonable attorney fees, as a remedy for violating its provisions. 15 U.S.C. § 1692k(a)(3). The Court has discretion to determine reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Lodestar method is "[t]he most useful starting point for determining the amount of a reasonable fee." *Id*. Under the Lodestar method, the Court multiplies the number of hours "reasonably expended" by a "reasonable hourly rate." *Id.* The reasonableness of the hourly rate is determined looking at the prevailing hourly rates charged by attorneys in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984).

**Discussion**

The Defendant argues that the fee requested in this "simple, straight-forward and uncomplicated case" which was "resolved by a low-dollar offer of judgment" and involved "no novel, unique or difficult issues" is excessive. First Defendant argues that the one hour of work claimed by attorney Adam Maxwell should be excluded because it was not part of the time sheet initially submitted to the Defendant. This, Defendant contends, shows that counsel did not keep "meticulous, contemporaneous time records" as required by the statute. Defendant also argues that Plaintiff's time sheets are redundant and contain inflated and unreasonable time entries and that some time entries seek reimbursement for tasks that are "secretarial or clerical in nature" (Doc. 11). Finally, Defendant argues that the rates of pay submitted by Plaintiff's attorneys are excessive in light of the market rate for the community.

The Court agrees in part and disagrees in part. First, the Court declines to reduce the award of attorneys' fees by one hour for Adam Maxwell's work. The information to which Defendant refers was a draft time sheet the Plaintiff sent to the Defendant in an effort to negotiate and reach an agreement regarding attorneys' fees. Because these drafts were not finalized and because Plaintiff has now provided detailed and finalized time sheets, the Court includes Adam Maxwell's hour of work in the Plaintiff's award of attorneys' fees.

The Court also declines to reduce the award of attorneys' fees based on the Defendant's argument that Plaintiff's award of $301.00 is *de minimus*. "[T]he amount of [attorney's fees] must be determined on the facts of each case." *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Furthermore, the FDCPA fee-shifting statute requires a fee award for "*any* successful action to enforce [FDCPA] liability." 15 U.S.C. § 1692k(a)(3) (emphasis added). In consumer protection cases, the amount of attorneys' fees is often higher than the underlying damages recovered by the plaintiff. *Bryant v. TRW Inc.*, 689 F.2d 72, 80 (6th Cir. 1982).

In addition, the Court declines to reduce the amount of time spent on the case as proposed by the Defendant because it was redundant or secretarial in nature. Plaintiff provides detailed documentation of the hours worked by his attorneys in preparing the case. The Court finds that it is not well-situated to evaluate the specific details of each of Plaintiff's time entries, but that on the whole, the time spent by each attorney was reasonably incurred. In addition, the United States Supreme Court has held that fee requests could "take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274 (1989). Because Plaintiff produced adequate documentation of work performed by Plaintiff's paralegals, this work is properly compensable.

The Court does, however, find that the rates requested by the attorneys in this case are too high. In showing the reasonableness of the requested attorney fees, the Plaintiff produced biographies of each attorney and attorney fee surveys including a survey of consumer attorney fee rates. These surveys suggest that the requested attorneys' fees are too high. The *2008-2009 United States Consumer Law Attorney Fee Survey*, for example, shows that the average hourly rate for associates at "Mid West Region Firms" with one to ten years of experience is $237. The *2007 National Law Journal* reports that the Average Associate Billing Rate is $205 per hour.

Plaintiff submits hourly rates for his attorneys ranging from $225 to $250 per hour. Plaintiff argues that other courts have approved these fees. However, in one of the cases Plaintiff referenced, the court, in approving attorneys' fees, noted that "Plaintiff's attorneys achieved an excellent result for Plaintiff, which is a 'crucial factor' to consider when awarding attorney's fees." *Wamsley v. Kemp Creditors Interchange Receivables Management, LLC*, 2-09-CV-769 (S.D. Ohio April 20, 2010) (citing *Hensley*, 461 U.S. at 424 (1983)). The "excellent result" in *Wamsley* was recovery of 75% of the maximum statutory damages allowable under the FDCPA. Here, because Plaintiff's attorneys received only 30% of the amount requested, the Court finds this situation distinguishable.

Accordingly, the Court awards $200 an hour for associates Christopher Addy, Michael Agruss, Shireen Hormozdi, and Adam Maxwell, who have all been in practice for less than ten years. The Court awards $250 an hour for James Pacitti, who has been in practice for sixteen years. The Court awards $75 an hour for paralegal fees. Attorneys' fees should be awarded as follows:

> Christopher Addy, 1.2 hours, $200 per hour=$240
> Michael Agruss, 0.9 hours, $200 per hour=$180
> Shireen Hormozdi, 3.4 hours, $200 per hour=$680
> Adam Maxwell, 1.0 hours, $200 per hour=$200

    James Pacitti, 5.3 hours, $250 per hour=$1,325
    Paralegals, 4.1 hours, $75 per hour=$307.50
    Total=$2,932.50

## Conclusion

  The Court finds that the Plaintiff has met his burden to show reasonable attorneys' fees in the amount of $2,932.50. For the reasons discussed above, the Plaintiff's "Motion for Attorneys' Fees" is GRANTED in the amount of $2,932.50.

**IT IS SO ORDERED.**

Date: December 19, 2011          /s/ Greg Kays_____
                    GREG KAYS, JUDGE
                    UNITED STATES DISTRICT COURT